# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT E. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-75-SLP |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation February 17, 2022 [Doc. No. 8]. Judge Mitchell recommended dismissing the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] without prejudice on the grounds Petitioner failed to exhaust state court remedies. Petitioner timely filed an objection to the R. & R. [Doc. No. 9]. The Court, therefore, will make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1]

Having reviewed Petitioner's objection to the R. & R. (as well as his later-filed motion), the Court concurs with Judge Mitchell's analysis and the Court adopts the R. & R. Petitioner's submissions do not dispute that his claims are unexhausted. His argument that he does not need to exhaust his claims because the state court lacked jurisdiction is

---

[1] After Petitioner's objection deadline, Petitioner also submitted a motion [Doc. No. 10]. Although untimely, the Court has considered that filing in addition to his objection.

incorrect. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) (holding that the petitioner's "proffered reason for not exhausting—that the State of Colorado lacks jurisdiction over these claims—lacks merit."); *McDaniel v. Nunn*, No. 22-CV-0022-GKF-SH, 2022 WL 1424977, at *3 (N.D. Okla. May 5, 2022) (rejecting the argument that Oklahoma lacked jurisdiction over criminal prosecution because "Oklahoma law provides for direct appeals, appeals out of time, and postconviction appeals in criminal cases" and "the AEDPA's exhaustion requirement does not carve out an exception for claims alleging the petitioner was prosecuted in a court that lacked jurisdiction."); *Bradshaw v. Crow*, No. CIV-21-818-R, 2021 WL 4785509, at *1 (W.D. Okla. Oct. 13, 2021) (rejecting the argument that the petitioner was not required to exhaust his claims because the state courts lacked jurisdiction). And nothing in Petitioner's filings demonstrates that exhaustion is satisfied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination regarding the failure to exhaust state court remedies. The Court therefore denies a COA.

IT IS SO ORDERED this 6th day of June, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE